**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| GIFFORDS,<br><br>  Plaintiff,<br><br>    v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>  Defendant. | Civil Action No. 1:19-cv-1192 (EGS)<br><br>**REDACTED[1]** |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DISCOVERY UNDER
RULE 56(d)**

Plaintiff seeks leave to take limited discovery into the justifications offered by Defendant Federal Election Commission ("FEC") for its failure to act upon the underlying complaints in this matter, at least one of which has now been pending for over a year. The FEC disputes that the facts Plaintiff seeks to discover are necessary to this litigation, and disputes that those facts are discoverable. *See Convertino v. U.S. Dep't of Justice*, 684 F.3d 93, 99-100 (D.C. Cir. 2012) (stating the factors for evaluating a motion under Rule 56(d)).[2] Because discovery is appropriate, necessary, and proper, the Court should grant Plaintiff's motion.

**I.  Discovery is appropriate and necessary to this litigation.**

  *A. Judicial review in this action is not limited to the FEC's voluntary declarations.*

The FEC offers what it characterizes as "extensive precedent" to support its argument that discovery is inappropriate in actions challenging administrative action because judicial review in

---

[1] This Reply contains information that is covered by the Protective Order in this case, Dkt. 16. The protected material is redacted in this publicly filed version.

[2] The FEC does not dispute that Plaintiff has not had any opportunity to conduct discovery, and thus the second factor under *Convertino* is met.

such cases is limited to the existing administrative record. FEC's Opp. to Pl.'s 56(d) Mot. at 1, 5, Dkt. 30 ("Opp."). The FEC's argument is inapposite here. Plaintiff challenges the FEC's *inaction* on the underlying administrative complaints, and, where "an agency fails to act, there is no 'administrative record' for a federal court to review." *Western Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 101 (D.D.C. 2013) (quoting *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984) (citation omitted)).

Thus, "when it comes to agency *inaction* . . . review is not 'limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record.'" *Nat'l Law Center on Homelessness & Poverty v. U.S. Dep't of Veterans Affairs*, 842 F. Supp. 2d 127, 130 (D.D.C. 2012) (quoting *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000)) (emphasis in original). Discovery may therefore be justified because "agency delay is not necessarily a discrete event resulting from a decision based upon some sort of administrative record" and "after-the-fact-justifications . . . may need to be explored by plaintiffs." *Id.*; *see also Overton Park v. Volpe*, 401 U.S. 402, 419 (1971) (declining to rely on affidavits consisting merely of "post hoc rationalizations, which have traditionally been found to be an inadequate basis for review") (internal citation omitted). And, even in review of agency *action*, "examination of decisionmakers may be required when such examination provides the only possibility for effective judicial review and where there have been no contemporaneous administrative findings." *Cmty. for Creative Non-Violence v. Lujan*, 908 F.2d 992, 997 (D.C. Cir. 1990) (citing *Overton*, 401 U.S. at 420).[3]

---

[3] The requirement that an agency provide sufficient evidence to ensure effective judicial review is the natural inverse of the test that Plaintiff must meet under Rule 56(d). If the factual basis offered by an agency to justify its inaction in insufficient to ensure effective judicial review, then discovery of additional facts will often be "necessary to the litigation," and thus sufficient to meet the plaintiff's burden under Rule 56(d). *See Convertino*, 684 F.3d at 99-100.

The FEC cites a single case, *Sierra Club v. DOE*, 26 F. Supp. 2d 1268, 1271 (D. Colo. 1998), for the proposition that discovery is precluded in cases involving agency inaction because review is limited to the administrative record. Opp. at 8. But, even there, the court found that discovery might be appropriate where "the record before the court is insufficient to determine whether the agency unlawfully withheld compliance with a statutory mandate." *Sierra Club*, 26 F. Supp. 2d at 1271. Thus, while the court found the plaintiffs' broad general discovery requests to be inappropriate, it held that extra-record discovery may be allowed to probe, among other things, "the past conduct of the agency to determine whether [it] unlawfully withheld action required by law." *Id.* And, unlike general discovery propounded in that case, the limited discovery Plaintiff seeks here goes to precisely those questions necessary to determine whether the FEC's failure to act is contrary to law—that is, whether its workload or the government shutdown actually resulted in any delay in acting on Plaintiff's complaints, and whether ███████████████████

████████████████████████████████████████████████████

████████████████████████████████ Opp. at 12.

### B. *A mere chronology does not provide a sufficient basis, as a matter of law, for effective judicial review.*

Although a detailed chronology of events is often *necessary* to ensure effective judicial review in cases challenging agency inaction, that does not mean that the submission of a chronology is always *sufficient*.[4] *Cf. Rose v. FEC*, 608 F. Supp. 1, 3 n.2 (D.D.C. 1984) (finding that "[s]ince the passage of time is an essential component of this dispute, a detailed chronology must be considered"), *rev'd on other grounds sub nom. In re Nat'l Cong. Club v. FEC*, Nos. 84-

---

[4] Indeed, the FEC has acknowledged as much. *See* FEC's Mot. to Dismiss at 22, Dkt. 26 (conceding that ████████████████████████████████████████ ██████████████████).

5701, 84-5719, 1984 WL 148396 (D.C. Cir. Oct. 24, 1984). The mere fact that the Court in *Rose* found the declaration offered therein to be sufficient does not render all such future declarations sufficient as a matter of law. *See, e.g.*, *Alliance for Democracy v. FEC*, No. 1:02-cv-0527 (D.D.C. 2002) ("*AFD*"). In *AFD*, the FEC made precisely the same argument it makes here — that "the sole issue is the timing of the Commission's actions in this matter" such that a detailed chronology would be sufficient to "provide all relevant information" necessary for review of the agency's failure to act.  *See* Joint Report, *AFD* Dkt. 9. But this Court implicitly rejected that argument, allowing the plaintiffs to propound twenty interrogatories and directing them to submit a proposed plan for further discovery, in addition to ordering the FEC to produce a detailed chronology. Order, *AFD* Dkt. 10.[5]

Indeed, this Court and other courts in this district have repeatedly contemplated and allowed discovery beyond a simple chronology in actions challenging the FEC's failure to act under 52 U.S.C. § 30109(a)(8)—including in several of the cases cited by the FEC in its opposition.[6] *See also, e.g.*, Scheduling Order at 2-3, Dkt. 16, *Lieu v. FEC*, No. 16-cv-2201 (D.D.C.

---

[5] The FEC makes much of the fact that discovery was allowed in *AFD* under Rule 26 rather than Rule 56(d). This is unremarkable given that the FEC had already filed an answer to the complaint, *see AFD* Dkt. 7, and thus the plaintiffs' proposal to conduct limited discovery arose out of the parties' conference pursuant to Rules 16(b) and 26(f). *See* Joint Report, *AFD* Dkt. 9. By contrast, the FEC has not yet filed an answer in this action. Instead, the FEC attempted to file its motion for summary judgment simultaneously with an unfounded motion to dismiss. *See* Dkt. 19. Then, the FEC explicitly and intentionally invoked LCvR 16 as a shield against any obligation to confer regarding discovery under Rule 26(f) until an answer was filed, forcing Plaintiff to seek discovery under Rule 56(d) instead. The FEC's maneuvering, rather than "expedit[ing] resolution of this matter," Opp. at 3, n. 1, has therefore resulted in additional delay. Thus, the FEC's attempt to blame Plaintiff for creating "substantial delay" by filing this motion falls flat. *Id.*

[6] In many of the other orders cited by Defendants, it is unclear from the record whether the plaintiffs even sought discovery. *See, e.g.*, Order, *Democratic Senatorial Campaign Comm. v. FEC*, No. 96-2184 (D.D.C. Sept. 26, 1996), https://transition.fec.gov/law/litigation/dscc_96_dc_order.pdf. It is hardly remarkable that a court would not order discovery unsought by the parties.

Mar. 22, 2017) (allowing for the parties to propound interrogatories in addition to requiring the FEC to file a detailed chronology and laying out procedure for proposing additional discovery); Mem. and Order, *Common Cause v. FEC*, No. 87-2224 (D.D.C. Feb. 10, 1988) (noting service by plaintiffs of interrogatories and request for production of documents, but denying motion to compel responses as moot);[7] Order, *Nat.'l Republican Cong. Committee v. FEC*, No. 96-2295 (D.D.C. Oct. 7, 1996) (ordering briefing on discovery and the filing of a chronology by the FEC shortly before a settlement was reached mooting the case).[8] Taken together, these cases make clear that a sworn chronology is not sufficient to ensure effective judicial review as a matter of law. And the FEC has not identified any case suggesting there exists a hard and fast rule—nor even a presumption—that judicial review in actions challenging failure to act is limited to only those facts voluntarily presented by the defending agency.[9]



**C.**   ███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████  To the contrary, Plaintiff has identified three specific questions of material fact █████████████

██████████████████████ : 1) has the FEC's workload actually delayed action on Plaintiff's complaints; 2) did the shutdown actually impede the FEC's ability to take action on Plaintiff's complaints; and 3) ███████████████████████████████

---

[7] https://transition.fec.gov/law/litigation/commcause_87_dc_order.pdf

[8] https://transition.fec.gov/law/litigation/nrcc_96_dc_order.pdf

[9] Again, the FEC's reliance, *see* Opp. at 10, on cases challenging administrative review is inapposite here because the administrative record is not yet complete and is not before the Court for review, *see supra* at 1-3.

█████████████████████████████████████████████████████████████████████████

███████████████████████████? Because the answers to these questions lie solely within the

exclusive knowledge of the FEC, discovery is not only proper, it is "most appropriate." *Am. Broad.*

*Cos., Inc. v. U.S. Info. Agency*, 599 F. Supp. 765, 770 (D.D.C. 1984).

As the FEC concedes, under the "well established approach in cases brought under FOIA,"

agency affidavits or supporting declarations must be "relatively detailed and non-conclusory" to

provide sufficient basis for judicial review. Opp. at 9; *Shapiro v. Dep't of Justice*, 249 F. Supp. 3d

502, 505 (D.D.C. 2017). And, at least in the FOIA context, where such affidavits are inaccurate or

incomplete, "[c]ourts in this Circuit have stressed the importance of permitting . . . plaintiffs to

take depositions under rule 56(d)." *Am. Broad. Cos.*, 599 F. Supp. at 768 (collecting cases).

Allowing Plaintiff to take a 30(b)(6) deposition, and if necessary to propound limited

written discovery on the questions identified above, would create clarity and provide both Plaintiff

and this court with evidence essential to the effective resolution of this case. █████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████.[10]

---

[10] To the extent the FEC relies on the shutdown as evidence of the reasonableness of any delay in acting on the underlying complaints, it is a material and "triable" question of fact as to whether the shutdown actually impacted its work on these matters. *Cf.* Opp. at 12 (faulting Plaintiff for failing to propose discovery topics that will create a triable issue of fact.). If the FEC concedes that the impact of the shutdown was not material to any delay in acting on the underlying matters, Plaintiff is happy to drop this topic of inquiry. In any event, even if the government shutdown did have some effect on the FEC's timeline in this matter—something only discovery would illuminate—

There is therefore a reasonable and material question of fact as to whether the shutdown actually delayed the FEC from taking action on Plaintiff's complaints. A similar material issue of fact arises out of the FEC's reliance on general statistics related to its workload—which the FEC has cited as "context," ████████████████████████████████. The FEC has not explained how those statistics specifically bear on Plaintiff's administrative complaints in this matter. Plaintiff's request for limited discovery is aimed at answering these key factual questions, which the FEC itself has put into play through its motion for summary judgment.

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
█████████████████████████]^11 At issue in this case is not simply ████████████████████████████████

---

that does not aid the FEC's case. FEC inaction is unlawful whether or not the agency is solely to blame for the inaction. A government shutdown, or—as is relevant now, *see infra* note 11—the absence of a quorum of Commissioners, cannot prevent a plaintiff from prevailing in a delay suit. Congress anticipated the potential risk of the Commission being prevented from acting, and ensured that such an event would not delay enforcement of FECA. *See* 52 U.S.C. § 30109(a)(8)(C) ("In any proceeding under this paragraph the court may declare that the dismissal of the complaint or the failure to act is contrary to law, and may direct the Commission to conform within 30 days, failing which the complainant may bring, in the name of such complainant, a civil action to remedy the violation involved in the original complaint."). Regardless of who is to blame for FEC delay, Congress designed the statute under which this case is brought to ensure *someone*—including a private plaintiff—could act to enforce the campaign finance laws without delay.

[11] These questions are particularly concerning after the departure of former Commissioner Matthew Petersen, given that the FEC now lacks a quorum and will be unable to make any enforcement decision—whether on these matters or any others—until a new Commissioner is nominated and confirmed. *See* Statement of Chair Ellen Weintraub, Aug. 26, 2019, https://www.fec.gov/resources/cms-content/documents/2019-08_ELW_statement_on_Petersen_resignation.pdf.



There is no rule against discovery in actions challenging the FEC's failure to act under § 30109(a)(8), nor a presumption that a voluntary declaration offered by the agency constitutes sufficient basis for judicial review. Here, the Plaintiff has identified specific facts that ████ ████████████████████████████████████████ and are necessary to the litigation. Therefore, Plaintiff has met its burden under Rule 56(d) and its motion should be granted.

## II. The proposed discovery topics are proper and the evidence sought is discoverable.

The FEC does not dispute that the evidence Plaintiff seeks is entirely within the FEC's control, but instead argues that such discovery would constitute an "improper intrusion into the agency's law enforcement functions and its well-established discretion" to allocate resources among competing priorities. Opp. at 16. While it is true that Plaintiff seeks discovery beyond ████ ████████████████████ and general, publicly available statistics as to the workload of the FEC's staff, *see id.*, the limited discovery proposed does not justify the FEC's hyperbole.[12] Plaintiff does not seek to "subject the leadership of the Office of General Counsel or even Commissioners themselves" to examination; nor does it seek to depose any "high-ranking

---

[12] The FEC suggests that allowing Plaintiff to take the deposition of an FEC staff member would be tantamount to "inject[ing] itself into the Commission's confidential administrative enforcement process." Opp. at 16. Not so. Plaintiff merely seeks to obtain the information necessary to litigate this case in the most efficient fashion. Depositions are an efficient and reliable method of obtaining discovery, and particularly are appropriate in the context of discovery under Rule 56(d), where time is of the essence. *See Am. Broad. Cos.*, 599 F. Supp. at 769.

government official." Opp. at 17. Nor does Plaintiff seek to "probe the mental processes of administrative decisionmakers." *Id.* Plaintiff merely seeks to take the deposition of ████████ ████████, or of a representative of the agency with knowledge of the topics Plaintiff has identified, and then, only if necessary, to follow-up on that deposition by propounding limited interrogatories and/or requests for admission.

At issue is whether the factors asserted by the FEC as justification bear any meaningful relationship to its delay in acting on Plaintiff's complaints, and what specific factors, if any, have contributed to the ████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████ And, to the extent the FEC objects to any particular deposition or interrogatory question it believes to be improper, the FEC's remedy lies in standard discovery procedures, not in prohibiting all depositions and interrogatories.

Because the discovery proposed is necessary to the litigation, within the control of the FEC, and properly within the scope of Plaintiff's claim for unreasonable delay, this Court should grant Plaintiff's motion.

Respectfully submitted,

/s/ Adav Noti                                               J. ADAM SKAGGS*
ADAV NOTI (DC Bar No. 490714)                     DAVID PUCINO*
MARK P. GABER (DC Bar No. 988077)           Giffords Law Center to
MOLLY E. DANAHY (DC Bar No. 1643411)     Prevent Gun Violence
Campaign Legal Center Action                           223 West 38th St. #90
1101 14th Street NW, Suite 400                       New York, NY 10018
Washington, DC 20005                              (917) 680-3473
(202) 736-2200                                     askaggs@giffords.org
anoti@campaignlegal.org                          dpucino@giffords.org
mgaber@campainglegal.org
mdanahy@campaignlegal.org                     * Admitted *Pro Hac Vice*

*Counsel for Plaintiff*

Dated: September 13, 2019

**CERTIFICATE OF SERVICE**

I certify that, on September 13, 2019, a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

/s/ Adav Noti
Adav Noti