IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIFFORDS,<br><br>　　Plaintiff,<br><br>　　v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>　　Defendant. | Civil Action No. 1:19-cv-1192 (EGS) |

**PLAINTIFF'S NOTICE OF ADDITIONAL EVIDENCE IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff Giffords respectfully submits the following notice of supplemental evidence in support of its pending cross-motion for summary judgment, ECF 48.

## BACKGROUND

In 2018, Plaintiff Giffords filed a series of administrative complaints with the Federal Election Commission (FEC) demonstrating that the National Rifle Association (NRA) and its affiliated organizations violated the Federal Election Campaign Act (FECA) by illegally coordinating expenditures with candidates for federal office, thereby making millions of dollars of illegal, unreported, and excessive in-kind contributions, including up to $25 million in illegal contributions to the campaign of now-President Donald J. Trump. Alleging the FEC had unlawfully failed to act on Plaintiff's administrative complaint within 120 days, Plaintiff filed the instant action under 52 U.S.C. § 30109(a)(8), seeking declaratory and injunctive relief. ECF 1. The parties' cross-motions for summary judgment have been fully briefed since January 17, 2020, and are currently pending before the court.

1

In evaluating whether the FEC's failure to act is contrary to law, courts "apply the factors set forth in *Common Cause v. FEC*, 489 F. Supp. 738, 744 (D.D.C. 1980), and *Telecommunications Research & Action Center v. FCC* (*TRAC*), 750 F.2d 70, 80 (D.C. Cir. 1984)." *FEC v. Rose*, 806 F.2d 1081, 1084 (D.C. Cir. 1986). One such factor courts must weigh is the "nature of the threat posed" by the violations alleged in the underlying complaint. *Common Cause v. FEC*, 489 F. Supp. 738, 744 (D.D.C. 1980). Another is the "extent of the interests prejudiced by delay." *TRAC*, 750 F.2d at 80.

In recent weeks, Plaintiff has become aware of new evidence relevant to these factors, namely evidence demonstrating that in the absence of any enforcement action by the FEC, the NRA has continued to violate FECA by illegally coordinating contributions with the Trump campaign during the current election cycle. This evidence, which was not available at the time Plaintiff briefed its cross-motion for summary judgment, demonstrates that the "nature of the threat" posed by the NRA's illegal coordination scheme is ongoing and substantial, and that it is highly prejudicial to Plaintiff's interests.

## NEW EVIDENCE OF ONGOING VIOLATIONS BY THE NRA

In support of its opposition to Plaintiff's Motion for Summary Judgment, Defendant FEC argued that there was no evidence that the illegal coordination between the NRA and candidates for federal office, including President Trump, was "ongoing." ECF 55 at 19 n.14. Specifically, Defendant FEC contended that the NRA's illegal coordination scheme did not pose "a substantial and ongoing threat to the integrity of the election system" because there was no evidence "that the administrative respondents have continued to engage in the conduct at issue here or that they have plans to do so in the future." *Id.* Plaintiff rebutted this suggestion in its reply. *See* ECF 60 at 1 n.2 (pointing to record evidence before the Commission and this Court that the NRA had continued to

engage in illegal coordination after the filing of Plaintiff's initial administrative complaints). New reporting on the NRA's political activity in the current election cycle, however, further demonstrates that in the absence of any enforcement action by the FEC, the NRA has continued to engage in illegal activity by coordinating advertising with the Trump campaign in the lead-up to the 2020 election.

On September 19, 2020, the Trace and the Daily Beast reported that the NRA had run a new ad opposing 2020 presidential candidate Joe Biden and supporting 2020 presidential candidate Donald Trump. Kevin T. Dugan & Daniel Ness, *Documents show that the NRA's new anti-Biden ad emerged from the same web of firms involved in potentially illegal coordination in 2016 races*, The Daily Beast, Sept. 19, 2020, https://www.thetrace.org/2020/09/nra-trump-campaign-finance-fec-election-ads/ (citing FEC and FCC records) (attached as Exhibit 1). The NRA spent over $4.1 million to run the ad "more than 100,000 times in swing districts across Michigan, Pennsylvania, Arizona, North Carolina, and Wisconsin during a two-week period in late August and early September." *Id.* During the time the ad was running, "re-election ads for President Trump that had been playing as early as May effectively stopped." *Id*. The Daily Beast's reporting further demonstrated that both the NRA's new ad and the Trump campaign's existing advertisements were placed by shell companies affiliated with National Media Research Planning and Placement, with affiliate Red Eagle placing the ads for the NRA while affiliate Harris Sikes placed ads for the Trump campaign. *Id*. This coordination scheme is materially indistinguishable from those the NRA conducted in prior election cycles, as demonstrated by Plaintiff's administrative complaints.

This evidence of ongoing violations by the NRA highlights the severe nature of the threat of non-enforcement that arises out of the Commission's delay, *see Common Cause*, 489 F. Supp. at 744, and the prejudice to Plaintiff of the FEC's continued failure to act, *see TRAC*, 750 F.2d at

80. Not only does the FEC's failure to act allow the NRA continue to benefit from violating the law without any apparent threat of reprisal, it continues to undermine the credibility of our campaign finance enforcement system and public faith in the Commission. *See* ECF 48 § I.F. (MSJ Opp).

Dated: October 8, 2020

Respectfully submitted,

J. ADAM SKAGGS*
DAVID PUCINO*
Giffords Law Center to
Prevent Gun Violence
223 West 38th St. #90
New York, NY 10018
(917) 680-3473
askaggs@giffords.org
dpucino@giffords.org

*Admitted *Pro Hac Vice*

/s/ Adav Noti
ADAV NOTI (DC Bar No. 490714)
MARK P. GABER (DC Bar No. 988077)
MOLLY E. DANAHY (DC Bar No. 1643411)
Campaign Legal Center Action
1101 14th Street NW, Suite 400
Washington, DC 20005
(202) 736-2200
anoti@campaignlegal.org
mgaber@campaignlegal.org
mdanahy@campaignlegal.org

*Counsel for Plaintiff*