UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIFFORDS, ) | |
| ) | |
| Plaintiff, ) | Civ. No. 19-1192 (EGS) |
| ) | |
| v. ) | |
| ) | RESPONSE TO |
| FEDERAL ELECTION COMMISSION, ) | NOTICE |
| ) | |
| Defendant. ) | |
| ) | |

**FEDERAL ELECTION COMMISSION'S RESPONSE
TO PLAINTIFF'S NOTICE OF ADDITIONAL EVIDENCE
IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT**

The Federal Election Commission ("FEC" or "Commission") hereby responds to plaintiff's Notice of Additional Evidence in Support of Cross-Motion for Summary Judgment. (Docket No. 62.)  Plaintiff's Notice alleges, based mainly on a news article, that the National Rifle Association ("NRA") is engaging in unlawful coordination during the 2020 election cycle, in a similar manner that plaintiffs asserted the NRA and associated entities did during the 2016 cycle in the administrative complaints at issue in this case.  But this allegation has little significance here, because the principal issue before the Court is the determination whether the FEC acted unlawfully as to plaintiff's prior administrative complaints, not whether the NRA is currently acting lawfully under new factual circumstances that plaintiff does not claim to have placed before the agency as part of its statutory administrative enforcement process.

In addition, plaintiff's notice fails to address that the agency action it seeks is currently impossible, and has not been possible for nearly all of the period it challenges.  As the Commission has noted, the agency had lacked the quorum needed to act on administrative

enforcement matters from the end of August 2019 through the conclusion of the parties' briefing. (FEC's Reply in Supp. of its Mot. to Dismiss, or in the Alternative, for Summ. J. and Opp. to Pl.'s Cross-Mot. for Summ. J. ("FEC Reply") at 10, 17, 25-27 (Docket No. 59).)  A quorum was briefly restored on June 5, 2020, when Commissioner James E. ("Trey") Trainor III was sworn in.  Commissioner Trainor joined the agency at time when its office was closed due to the Covid-19 pandemic, and when there was an extensive backlog of advisory opinion, enforcement, rulemaking, and other matters requiring the approval of at least four Commissioners, due to the more than nine months that had passed at that point without a quorum.  On July 3, 2020, less than a month later, then-Commissioner Caroline Hunter departed the agency, resulting in another loss of quorum.  The Commission dutifully worked to eliminate its backlog during the short quorum period.  Agency releases following that period show that 34 Matters Under Review, 206 administrative-fine cases, and 39 alternative dispute resolutions were closed after Commission votes and publicly released.[1]  The administrative matters at issue in this case were not released as closed.  However, even assuming that plaintiff had supplemented its administrative complaints with the media report that it contends provides some indication of additional similar violations, it was not unreasonable for the agency to complete the great volume of other matters that it did rather than closing the four matters involving what plaintiff has described as "complex" and "complicated" facts.  (Compl. at 1-2.)  Plaintiff has not shown that it was contrary to law for the Commission to order its priorities in the way that it did.

---

[1]    *See* https://www.fec.gov/updates/week-july-6-10-2020/; https://www.fec.gov/updates/week-july-13-17-2020/; https://www.fec.gov/updates/week-july-27-31-2020/; https://www.fec.gov/updates/week-august-3-7-2020/; https://www.fec.gov/updates/week-august-10-14-2020/; https://www.fec.gov/updates/week-august-17-21-2020/; https://www.fec.gov/updates/week-august-24-28-2020/; https://www.fec.gov/updates/week-august-31-september-4-2020/.

Since July 3, the Commission has again lacked the quorum needed to act on plaintiff's administrative complaints.  Plaintiff has asked the Court to remand this matter to the FEC with instructions to act, but as the FEC has explained (FEC Reply at 25), the D.C. Circuit has repeatedly instructed that courts may not require an agency to render performance that is impossible.  *Am. Hosp. Ass'n v. Price*, 867 F.3d 160, 167 (D.C. Cir. 2017) (reviewing a mandamus order).  "[I]t is not appropriate for a court — contemplating the equities — to order a party to jump higher, run faster, or lift more than she is physically capable." *Id.* at 168.  Before issuing an equitable remedy like a remand, "the Court should determine in the first instance whether, in fact, lawful compliance" will be possible.  *Id.*

For the above reasons, the news article that plaintiff has brought to the Court's attention in its Notice has little value in the Court's determination of whether the FEC has unlawfully failed to act in this case.  Plaintiff has failed to show that there has been unreasonable delay by the agency as to the complaints at issue under the appropriately deferential standards, and there remain compelling reasons for the Court to decline to intervene in these administrative matters at this time.  (FEC Reply at 19-30.)

|  | Respectfully submitted, |
|---|---|
| Lisa J. Stevenson (D.C. Bar No. 457628)<br>Acting General Counsel<br>lstevenson@fec.gov | Harry J. Summers<br>Assistant General Counsel<br>hsummers@fec.gov |
| Kevin Deeley<br>Associate General Counsel<br>kdeeley@fec.gov | /s/ Seth Nesin<br>Seth Nesin<br>Attorney<br>snesin@fec.gov |
| October 22, 2020 | FEDERAL ELECTION COMMISSION<br>1050 First Street NE<br>Washington, DC  20463<br>(202) 694-1650 |