UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GIFFORDS, ) | |
| ) | |
| Plaintiff, ) | Civ. No. 19-1192 (EGS) |
| ) | |
| v. ) | |
| ) | |
| FEDERAL ELECTION COMMISSION, ) | NOTICE OF SUPPLEMENTAL |
| ) | AUTHORITY |
| Defendant. ) | |
| ) | |

**FEDERAL ELECTION COMMISSION'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The Federal Election Commission ("FEC" or "Commission") respectfully submits this Notice of Supplemental Authority to apprise the Court of a recent decision in *McCutcheon v. FEC*, No. 20-cv-2485, 2020 WL 6134926 (D.D.C. Oct. 19, 2020) (copy attached). The decision provides further support for the Commission's showing that remands should not be ordered where, lacking a quorum of four Commissioners necessary to act, the agency has no possibility of compliance absent congressional intervention. (FEC's *Redacted* Reply in Supp. of its Mot. to Dismiss, or in the Alternative, for Summ. J. and Opp. to Pl.'s Cross-Mot. for Summ. J. at 24-25 (Docket No. 59).

The administrative request at issue in the recent *McCutcheon* case occurred during a period when the Commission had mostly lacked a quorum, leading the plaintiffs to allege that the FEC acted unlawfully by not providing an advisory opinion in response to their request within the 60-day deadline for issuance of such opinions under 52 U.S.C. § 30108 . *McCutcheon*, 2020 WL 6134926 at *5-6, *10-11.  The Court denied the *McCutcheon* plaintiffs' request for a preliminary injunction because the Commission "is prohibited from issuing an advisory opinion

without the affirmative votes of four Commissioners approving such issuance under 52 U.S.C. § 30106." *Id.* at *10. Though there had been a quorum for approximately one month, "[t]here was a massive backlog" and the Court thus concluded that "the FEC was not required to — nor could it reasonably be expected to — resolve all of those requests in just a few weeks." *Id.* at *11. Agencies must act in a manner consistent with the structures Congress enacts, the Court continued, and "the FEC was not authorized to issue the advisory opinion requested by plaintiffs when it could not possibly have secured affirmative votes from four Commissioners—which are required to take such an action." *Id.*. "A fortiori, then, the Commission's conduct was compelled by law and could not have been arbitrary, capricious, or an abuse of discretion." *Id.* ("If anything, the FEC would abuse its discretion by rendering an advisory opinion without the requisite four-vote approval . . . ."). Because declining to issue an advisory opinion during a period without a quorum was "not only legal, but "statutorily mandated," the court concluded the plaintiffs were "unlikely to succeed on the merits of their claim that the FEC unlawfully withheld the requested advisory opinion." *Id.* at *8, *11.

This new authority provides further support for the Commission's argument that it has not unlawfully failed to act in the similar context of administrative complaints where the agency simply lacks the members needed to do so, and that as a result the Court should not order a remand.[1]

---

[1] The President has nominated three new Commissioners that are scheduled for further consideration by the Senate Rules and Administration Committee later this week. *See PN2303 — Sean J. Cooksey — Federal Election Commission*, https://www.congress.gov/nomination/116th-congress/2303 (last visited Dec. 1, 2020); *PN2302 — Shana M. Broussard — Federal Election Commission*, https://www.congress.gov/nomination/116th-congress/2302 (last visited Dec. 1, 2020); *PN2237 — Allen Dickerson — Federal Election Commission*, United States Congress, https://www.congress.gov/nomination/116th-congress/2237 (last visited Dec. 1, 2020); Senate Rules and Administration Committee, Business Meeting on Members of the Federal Election

                                                        Respectfully submitted,

| | |
|---|---|
| Lisa J. Stevenson (D.C. Bar No. 457628) | Harry J. Summers |
| Acting General Counsel | Assistant General Counsel |
| lstevenson@fec.gov | hsummers@fec.gov |
| | |
| Kevin Deeley | /s/ Seth Nesin |
| Associate General Counsel | Seth Nesin |
| kdeeley@fec.gov | Attorney |
| | snesin@fec.gov |
| | |
| December 2, 2020 | FEDERAL ELECTION COMMISSION |
| | 1050 First Street NE |
| | Washington, DC  20463 |
| | (202) 694-1650 |

---

Commission, S. 959, and H.R. 2420, https://www.rules.senate.gov/hearings/business-meeting-on-members-of-the-federal-election-commission-s-959-and-hr-2420 (last visited Dec. 1, 2020). If the nominees are ultimately confirmed and added to the Commission as presently constituted, the agency would have more than a sufficient number of Commissioners to form a quorum.