IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIFFORDS, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL ELECTION COMMISSION, <br><br> Defendant. | Civil Action No. 1:19-cv-1192 (EGS) |

**PLAINTIFF'S MOTION TO EXPEDITE CONSIDERATION OF THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR A STATUS HEARING WITH THE COURT**

For the reasons stated below, and in light of the statute of limitations governing FEC enforcement, Plaintiff Giffords respectfully moves for expedited consideration of the parties' pending cross-motions for summary judgment. In the alternative, Plaintiff respectfully requests a status hearing before the Court.

This matter arose out of Defendant Federal Election Commission's ("FEC" or "Commission") failure to act on four administrative complaints filed by Plaintiff Giffords between August and December 2018. Plaintiff's underlying complaints demonstrated that the National Rifle Association, through its affiliates, violated federal law by coordinating expenditures with candidates for federal office, thereby making millions of dollars in illegal, unreported, and excessive in-kind contribution, including approximately $25 million in illegal contributions to the campaign of former President Donald J. Trump. *See,* ECF 50-5, 50-6, 50-7, 50-8. Plaintiff Giffords filed its first administrative complaint with the FEC in this matter over 1,000 days ago. *See* ECF 50-5. On April 24, 2019, 130 days after filing the last administrative complaint, and 250 days after joining the initial complaint, Plaintiff Giffords filed this action against the Commission for

1

unreasonably delaying action on the underlying complaints. *See* 52 U.S.C. § 30109(a)(8)(A) (authorizing suit for failure of FEC to act within 120 days of administrative complaint filing). The parties completed briefing on their cross-motions for summary judgment on January 24, 2020. ECF 58, 59, 60.[1]

There is no evidence the FEC has taken action on the underlying administrative complaints since that time. *See, e.g.*, ECF 67, 68.

While the Federal Election Campaign Act ("FECA") does not contain an explicit statute of limitations, courts routinely "appl[y] the catch-all five year limitations period set forth in 28 U.S.C. § 2462" to cases brought by the FEC seeking civil penalties against those who violate FECA.[2] *CREW v. Am. Action Network*, 410 F. Supp. 3d 1, 23 (D.D.C. 2019). Plaintiff's administrative complaints document a continuing pattern of violations dating back to the 2014 elections. *See* ECF 50-5, 50-6, 50-7, 50-8, 50-9 (Plaintiff's underlying administrative complaints detailing violations during the 2014, 2016, and 2018 election cycles). By far the largest violations occurred during the 2016 election cycle, when the NRA made approximately $25 million in illegal contributions to the campaign of former President Donald J. Trump. *See* ECF 50-9. To the extent the violations alleged in Plaintiff's complaints are considered individually, rather than as a pattern of illegal conduct by the NRA, the five-year limitations period for FEC enforcement may have elapsed for the violations committed during the 2014 cycle, and may be rapidly approaching for those committed during the

---

[1] The full chronology of this case, and the FEC's inaction, is set forth in ECF Nos. 50, 67, and 68.

[2] Notably, the statute of limitations does not apply to actions for declaratory or injunctive relief. *FEC v. Nat'l Republican Senatorial Comm.*, 877 F. Supp. 15, 20 (D.D.C. 1995); *Riordan v. SEC*, 627 F.3d 1230, 1234 (D.C. Cir. 2010), abrogated in part by *Kokesh v. SEC*, 137 S. Ct. 1635 (2017). As such, even should the statute of limitations elapse with respect to the Commission's enforcement authority, Plaintiff Giffords would not be barred from seeking injunctive or declaratory relief in a direct suit against the NRA under the private right of action in 52 U.S.C. § 30109(a)(8)(c).

2016 cycle.[3] As such, the window in which the FEC can act on these violations is rapidly drawing to a close.

This Court should not allow the FEC to capitalize on its years-long failure to act on these complaints by simply waiting out the clock. The FEC has recently used the looming statute of limitations as a justification for dismissing actions on which it has failed to act. *See, e.g.*, *Statement of Reasons of Vice Chair Allen Dickerson and Commissioners Sean J. Cooksey and James E. "Trey" Trainor, III*, FEC MURs 7265 and 7266 at 2, https://www.fec.gov/files/legal/murs/7313/7313_27.pdf (May 10, 2021) (dismissing complaint filed in 2016 because with "a mere 92 days" remaining before the statute of limitations would run the Commission was still "only at the initial stage of enforcement—considering whether there was reason to believe the law had been violated"); *see also Statement of Reasons of Chair Shana M. Broussard and Commissioner Ellen L. Weintraub*, FEC MUR 7395, https://www.fec.gov/files/legal/murs/7395/7395_16.pdf (May 7, 2021); *Statement of Reasons of Vice-Chair Allen Dickerson and Commissioners Sean J. Cooksey and James E. "Trey" Trainor, III*, FEC MUR 7395, https://www.fec.gov/files/legal/murs/7395/7395_15.pdf (Apr. 27, 2021). Allowing the Commission to unlawfully delay action indefinitely, and then to hide behind the statute of limitations to excuse its failure to enforce the law would make a mockery of Congress' expectation that "the Commission would fulfill its statutory obligations so that [FECA] would not

---

[3] One of the earliest illegal contributions identified in Plaintiff's administrative complaint documenting the NRA affiliates' coordination with the Donald J. Trump Campaign during the 2016 cycle was made on Sept. 17, 2016. ECF 50-9 at 8 n.19 (link to independent expenditure reports filed by NRA-ILA detailing $2,477,654.83 payment to Starboard for expenditures in opposition to Clinton on Sept. 17, 2016); *id.* at 13 (detailing first ad placement by AMAG for Donald J. Trump campaign on Sept. 16, 2016).


become a dead letter." *DSCC v. FEC*, No. Civ.A. 95-0349-JHG, 1996 WL 34301203, at *7 (D.D.C. Apr. 17, 1996).

Plaintiff therefore respectfully requests that this Court expedite consideration of the parties' cross-motions for summary judgment, find that the FEC has unlawfully delayed in acting on Plaintiff's complaint, and order the Commission to act within 30 days, failing which Plaintiff will be authorized to file a direct action under 52 U.S.C. § 30109(a)(8)(c). In the alternative, Plaintiff respectfully requests a status hearing before the Court.

Pursuant to LCvR 7(m), Plaintiff has consulted with counsel for the FEC, which takes no position on this motion.

Dated: May 24, 2021                                   Respectfully submitted,

J. ADAM SKAGGS*                                       /s/ Adav Noti
DAVID PUCINO*                                         ADAV NOTI (DC Bar No. 490714)
Giffords Law Center to                                MARK P. GABER (DC Bar No. 988077)
Prevent Gun Violence                                  MOLLY E. DANAHY (DC Bar No. 1643411)
223 West 38th St. #90                                 Campaign Legal Center Action
New York, NY 10018                                    1101 14th Street NW, Suite 400
(917) 680-3473                                        Washington, DC 20005
askaggs@giffords.org                                  (202) 736-2200
dpucino@giffords.org                                  anoti@campaignlegal.org
                                                      mgaber@campaignlegal.org
*Admitted *Pro Hac Vice*                              mdanahy@campaignlegal.org

*Counsel for Plaintiff*