**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GIFFORDS,

    Plaintiff,                                       Case No. 1:19-cv-01192

v.                                                        Hon. Emmet G. Sullivan

FEDERAL ELECTION COMMISSION,

    Defendant.

_____/

**MOTION TO INTERVENE FOR THE LIMITED PURPOSE**
**OF UNSEALING THE JUDICIAL RECORD AND**
**MEMORANDUM IN SUPPORT**

The National Rifle Association of America Political Victory Fund and the National Rifle Association of America (collectively "the NRA Affiliates") respectfully move this Court for leave to intervene under Rule 24(b) of the Federal Rules of Civil Procedure for the limited purpose of unsealing the judicial records in this matter that have been placed under seal. The grounds for this Motion are fully set forth in the accompanying Memorandum of Points and Authorities, and a proposed order is attached hereto as **Exhibit A**.

Pursuant to Local Rule 7(m), counsel for the NRA Affiliates conferred with Plaintiff's counsel and with Defendant Federal Election Commission as to the relief sought herein. Plaintiff's counsel indicated that Plaintiff has no objection to the motion to intervene for the limited purpose of moving to unseal so long as all of the respondents in the MURs have waived 30109(a)(12) confidentiality. The FEC's counsel indicated that it received the NRA Affiliates' inquiry, but did not indicate whether the Commission opposes the Motion.

Dated:  November 12, 2021                    Respectfully submitted,

                                       /s/ Charles R. Spies
                                       Charles R. Spies (Bar ID: 989020)
                                       Robert L. Avers (MI0083)

Dickinson Wright PLLC
1825 Eye Street NW, Ste 900
Washington, DC 20006
(202) 466-5964
cspies@dickinsonwright.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GIFFORDS,

    Plaintiff,                                                    Case No. 1:19-cv-01192

v.                                                                      Hon. Emmet G. Sullivan

FEDERAL ELECTION COMMISSION,

   Defendant.

_____/

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF THE NRA AFFILIATES' MOTION TO INTERVENE
## <u>FOR THE LIMITED PURPOSE OF UNSEALING THE JUDICIAL RECORD</u>

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................ii

I.  INTRODUCTION ...................................................................................................... 1

II.  BACKGROUND ....................................................................................................... 2

III.  ARGUMENT ............................................................................................................. 6

    A.  The NRA Affiliates should be Permitted to Intervene for the Limited
        Purpose of Obtaining Sealed Judicial Records ................................................ 6

        1.  The NRA Affiliates have Standing to Intervene...................................... 7

        2.  The NRA Affiliates Need Not Present an Independent Ground for
             Subject Matter Jurisdiction in This Case .................................................... 8

        3.  The NRA Affiliates' Motion is Timely ...................................................... 9

        4.  The Commonality Requirement is Satisfied ............................................ 10

    B.  The Judicial Record should be Unsealed because the FEC MUR
        Respondents have Waived their Rights of Confidentiality under FECA ............ 11

    C.  The NRA Affiliates—and the Public alike—Enjoy a Common Law Right
        of Access to the Judicial Record....................................................................... 12

IV.  CONCLUSION......................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983) ................ 14

*Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n* 788 F.3d 312 (D.C. Cir. 2015) ...................................................................................................................... 7

*\*E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042 (D.C. Cir. 1998) ......................... passim

*Forest Cty. Potawatomi Cmty. v. United States*, 317 F.R.D. 6 (D.D.C. 2016) ............................ 9

*Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994) ...................... 14

*\*In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d 2 (D.D.C. 2013) ................................. 15, 16

*Johnson v. Greater Southeast Community Hospital*, 951 F.2d 1268 (D.C.Cir.1991) ................ 15

*Karsner v. Lothian*, 532 F.3d 876 (D.C. Cir. 2008) ...................................................................... 9

*\*McConnell v. Fed. Election Comm'n,* 251 F. Supp. 2d 919 (D.D.C. 2003) ........................ 12, 15

*Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978) .................................................... 12

*Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249 (4th Cir. 1988) ................................... 14

*United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424 (10th Cir. 1990) ........................... 10

*\*United States v. Hubbard*, 650 F.2d 293 (D.C.Cir.1980) ......................................................... 15

**Statutes**

52 U.S.C. § 30109 ........................................................................................................... 4, 6, 12

52 U.S.C. § 30109(a)(12) ......................................................................................... 4, 6, 11, 15

52 U.S.C. § 30109(a)(8)(A) ..................................................................................................... 3

52 U.S.C. § 30109(a)(8)(C) ..................................................................................................... 3

**Rules**

Fed. R. Civ. P. 24 .................................................................................................. 7, 8, 10, 11

Fed. R. Civ. P. 24(b) ...................................................................................................... passim

Fed. R. Civ. P. 24(b)(1)(B) ................................................................................................... 10

Fed. R. Civ. P. 24(b)(2) .......................................................................................................... 7

Fed. R. Civ. P. 24(c) ................................................................................................ 11

**Regulations**

11 C.F.R. §  111.18 ................................................................................................... 4

11 C.F.R. § 111.20 ................................................................................................... 15

11 C.F.R. § 111.21 ............................................................................................. 11, 15

11 C.F.R. § 111.21(a) ................................................................................................ 4

ll C.F.R. § 111.21(c) ................................................................................................. 4

**Miscellaneous**

Statement of Vice Chair Allen Dickerson Concerning *Giffords v. FEC*, No. 19-1192
(D.D.C.),     Federal     Election     Commission,     (Nov.     1,     2021)
https://www.fec.gov/resources/cms-
content/documents/Dickerson_Statement_1nov2021.pdf ....................................... 5

# I.  **INTRODUCTION**

The National Rifle Association of America Political Victory Fund ("NRA-PVF") and the

National Rifle Association of America ("NRA") (collectively "the NRA Affiliates") seek to

intervene in this case for the limited purpose of unsealing the judicial record. The D.C. Circuit and

others across the country have consistently held that permissive intervention under Rule 24(b) is

the appropriate procedure through which non-parties can obtain or otherwise request the unsealing

of sealed judicial records.

Here, based on the NRA Affiliates' review of the public portions of the record, the sole

reason any portion of the judicial record in this case has been sealed is the provision in the Federal

Election Commission Act ("FECA") requiring that certain aspects of FEC investigations be held

in strict confidence until that investigation is closed.  But those confidentiality provisions permit

respondents in matters under review before the FEC, such as the NRA Affiliates, to waive

confidentiality, and that is just what has occurred here, meaning the legal basis for sealing the

judicial records in this case no longer exists.

Meanwhile, the Plaintiff in this case has commenced a separate-but-related action, which

has been assigned to this same Court and in which the NRA-PVF and the National Rifle

Association Institute for Legislative Action ("NRA-ILA")—a division of the NRA—are named as

defendants, as a direct result of the outcome of the instant matter. That being the case, the judicial

record here is not only directly relevant to that new case, but it is fundamental to whether that new

suit can even be filed in the first place, and access to those records is imperative to the NRA

Affiliates' ability to mount a defense in that new case. Accordingly, in light of the NRA Affiliates'

waiver of confidentiality, the necessity of access to the full and complete judicial record in this

case to mounting a defense in the new case, and the presumptive common law and First

Amendment rights of access to court records, the NRA Affiliates motion to intervene and to unseal the judicial record should be granted for the reasons further stated below.

## II. **BACKGROUND**

This case arises from the alleged failure of the Federal Election Commission (the "Commission" or the "FEC") to act on a series of administrative complaints Plaintiff filed with the Commission in 2018 (hereinafter "the FEC Complaints"). The NRA-PVF and the NRA-ILA were named as respondents in those FEC Complaints. The NRA-PVF, which is registered with the FEC,[1] is the political action committee of the NRA.[2]  The NRA-ILA is the principal lobbying arm of the NRA,[3] which is a tax-exempt organization under Section 501(c)(4) of the Internal Revenue Code; the NRA-ILA focuses on a variety of efforts, including fighting anti-gun legislation and educating the public on firearms ownership in America.[4]

In the FEC Complaints, Plaintiff alleged that the NRA Affiliates violated FECA and FEC regulations by making excessive and prohibited in-kind contributions to federal campaigns during the 2014, 2016, and 2018 election cycles in the form of coordinated communications.  Compl. ¶ 7, N.1 (citing the FEC Complaints). Specifically, Plaintiff claimed the NRA Affiliates and those federal campaigns attempted to evade FEC regulations regarding common vendor coordinated communications by hiring separate but "functionally indistinguishable" vendors. Compl. ¶ 4-5. Because Plaintiff believed that those separate vendors were the same organization, Plaintiff

---

[1]      *See* Financial Summary, National Rifle Association of American Political Victory Fund (last accessed November 8, 2021), https://www.fec.gov/data/committee/C00053553/?tab=summary.

[2]      Mission Statement, National Rifle Association of America Political Victory Fund, https://www.nrapvf.org/about-pvf/.

[3]      About the NRA Institute for Legislative Action, National Rifle Association of America Institute for Legislative Action, https://www.nraila.org/about/.

[4]      *Id*.

asserted that those vendors used strategic information from the campaigns to create political advertising for the NRA Affiliates in violation of FEC regulations. *Id*. The NRA Affiliates responded to the FEC Complaints denying any wrongdoing or liability.  While the FEC Complaints were designated by the Commission as Matters Under Review ("MUR") 7427, 7497, 7524, 7553, and 7621, the Commission has not informed the NRA Affiliates of any final determination on those MURs.

Approximately four months after the FEC Complaints were filed, Plaintiff commenced this suit against the Commission for failing to act on the FEC Complaints pursuant to 52 U.S.C. § 30109(a)(8)(A).  Here, Plaintiff recites the same allegations it made against the NRA Affiliates in the FEC Complaints, ECF No. 1, Compl. ¶¶ 34-51, the thrust of its suit being that the FEC violated FECA by failing to act on those complaints.

The Commission entered an appearance to defend the suit, and the parties ultimately filed competing dispositive motions.  *See* ECF Nos. 41-1; 48.  On September 30, 2021, this Court decided those motions, denying the FEC's motion but granting Plaintiff's motion.  *See* ECF Nos. 71, 74.  To that end, the Court concluded that the Commission's failure to act on the FEC Complaints was contrary to law, and the Court ordered the Commission to make a reason to believe determination as to those FEC Complaints within thirty days. *See* ECF No. 71.  The Commission, however, did not comply with the Court's Order.

The Court held a sealed status conference on November 1, 2021, and as a result of the FEC's failure to make a reason to believe determination within the time so ordered, the Court entered an Order authorizing Plaintiff to bring a private suit against the NRA Affiliates and the other respondents under 52 U.S.C. § 30109(a)(8)(C).  *See* ECF No. 75.  Plaintiff commenced that suit November 2, 2021—the very next day.  Case No. 1:21-cv-02887-EGS.

3

Like in the FEC Complaints and the instant suit, the new suit alleges that the NRA Affiliates engaged in an "ongoing scheme" to evade campaign finance regulations by using a series of "shell corporations" to illegally coordinate communications with federal candidates. *Id*.  ECF 1, Compl. ¶¶ 3-5, 39-58.  The new suit has been assigned to this Court.

Pertinent to this motion, a great deal of the record in this case remains under seal as a direct result of the confidentiality protections afforded to respondents such as the NRA Affiliates under FECA.  To that end, FECA expressly provides that "[a]ny notification or investigation made under [Section 30109] shall not be made public by the Commission or by any person **without the written consent of the person receiving such notification or the person with respect to whom such investigation is made**."  52 U.S.C. § 30109(a)(12)(emphasis added).  The corresponding regulations further limit the disclosure of such information. For example, 11 C.F.R. § 111.21(a) provides that "no complaint filed with the Commission, nor any notification sent by the Commission, nor any investigation conducted by the Commission, nor any findings made by the Commission shall be made public by the Commission or by any person or entity **without the written consent of the respondent with respect to whom the complaint was filed, the notification sent, the investigation conducted, or the finding made**." (Emphasis added). 11 C.F.R. § 111.21(b) further provides that "no action by the Commission or by any person, and no information derived in connection with conciliation efforts pursuant to 11 C.F.R. 111.18, may be made public by the Commission **except upon a written request by respondent and approval thereof by the Commission.**" (Emphasis added). Finally, 11 C.F.R. § 111.21(c) provides that "[n]othing in these regulations shall be construed to prevent the introduction of evidence in the courts of the United States which could properly be introduced pursuant to the Federal Rules of

Evidence or Federal Rules of Civil Procedure." Of course, the express language of the above legal framework provides the MUR respondents the option of waiving those confidentiality protections.

Because of the confidentiality protections afforded to respondents such as the NRA Affiliates, the FEC previously filed an unopposed motion for a protective order in this case. ECF No. 16. Indeed, that motion expressly states that the basis for requesting the protective order is to implement the FECA confidentiality provisions. *Id*. ("Plaintiff's lawsuit places at issue the Commission's handling of the four underlying administrative enforcement matters.  Plaintiff and the Commission agree that this litigation may require the Commission to introduce information in its possession that, pursuant to [FECA], may not be made public without the consent of the respondents to the underlying administrative matters.")  Likewise, the corresponding protective order, which was entered by this Court on June 20, 2019, expressly references the FECA confidentiality provisions discussed above, as well as the ability for the respondents to waive those protections.  Among the many judicial records in this matter, the parties' dispositive motions, the Court's corresponding memorandum opinion, and the November 1, 2021 sealed status conference that resulted in the Order authorizing the Plaintiff's direct suit against the NRA Affiliates all remain, at least in part, under seal.

In fact, on November 1, 2021, FEC Vice Chair Allen Dickerson issued a statement concerning this matter, stating "[t]here can be no excuse for refusing to obey lawful judicial process.  Yet today the members of this Commission declined to conform to the ruling of a federal court."[5] Vice Chair Dickerson continued, stating:

> For now, the Federal Election Campaign Act's confidentiality
> provisions bar a full accounting of the sad history leading to today's

---

[5] Statement of Vice Chair Allen Dickerson Concerning *Giffords v. FEC*, No. 19-1192 (D.D.C.), Federal Election Commission, (Nov. 1, 2021) https://www.fec.gov/resources/cms-content/documents/Dickerson_Statement_1nov2021.pdf.

error. Unfortunately, these protections for respondents have been weaponized in the service of complainants and their allies on the Commission. Respondents should seriously consider their right under the Act to waive these flimsy protections [under 52 U.S.C. § 30109(a)(12)]. In a world where complaints are the subject of press releases, and where the Commission declines to inform respondents as to actions taken in their matters, our confidentiality rules, in some cases, no longer serve the purpose for which they were crafted by Congress.

No disagreement about the scope and application of campaign finance law can justify our action today.  If our highest officers are expected to be bound by the judgment of the court, only the myopic could believe the FEC's modest mission justifies an exception.[6]

On November 3, 2021, the NRA Affiliates waived confidentiality, as is their right under FECA.  A copy of the NRA Affiliates' Waiver of Respondents' Rights of Confidentiality Granted Under 52 U.S.C. § 30109, is attached hereto as **Exhibit B**. Upon information and belief, all the other respondents in the underlying MURs have likewise waived their rights of confidentiality under FECA.

## III.   ARGUMENT

For the reasons stated below, this Court should permit the NRA Affiliates to intervene in this matter for the limited purpose of unsealing the judicial record.

### A.   The NRA Affiliates should be Permitted to Intervene for the Limited Purpose of Obtaining Sealed Judicial Records

Courts have widely recognized that the proper procedure for a nonparty to obtain access to sealed or confidential records is through intervention limited to that purpose. Indeed, "despite the lack of a clear fit with the literal terms of Rule 24(b), every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045

---

[6] *Id.*

(D.C. Cir. 1998) (collecting cases). Indeed, while "a strict reading of the rule might suggest a contrary result, courts have been willing to adopt generous interpretations of Rule 24(b) because of the need for an effective mechanism for third-party claims of access to information generated through judicial proceedings." *Id*. (cleaned up). For its part, and given its "willingness to adopt flexible interpretations of Rule 24 in special circumstances" and its "longstanding tradition of public access to court records," the D.C. Circuit has held "that third parties may be allowed to permissively intervene under Rule 24(b) for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order." *Id*. at 1045-46 (cleaned up).

Under Rule 24(b)(2), a proposed intervenor "must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Id*. at 1046 (citation omitted). Further, in at least some jurisdictions, a putative intervenor must also establish that it has Article III (though not prudential) standing. The NRA Affiliates satisfy each of these requirements for the reasons stated below.

### 1.    The NRA Affiliates have Standing to Intervene

To the extent Article III standing is a threshold issue to be considered even where a non-party seeks permissive intervention for the limited purpose of seeking access to protected court records, the NRA Affiliates easily satisfy that standard. Generally, a proposed intervener may establish Article III standing by showing "injury in fact, causation, and redressability." *Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n* 788 F.3d 312, 316 (D.C. Cir. 2015).  The NRA Affiliates satisfy each of those elements.

But-for the sealed nature of the judicial records, the NRA affiliates would have knowledge of and understand the Court's reasons behind not only its disposition of this case, but also its

decision to authorize Plaintiff to bring a separate civil action against the NRA Affiliates. That information, of which the NRA Affiliates are currently deprived, is germane to the basis of the suit filed by Plaintiffs against the NRA Affiliates just days ago, a suit in which the NRA Affiliates must now mount a defense.

This deprivation of information not only demonstrates a concrete and particularized injury to the NRA Affiliates, but it demonstrates both causation and redressability, too, as the NRA Affiliates would not be deprived of the sought information but-for the sealed nature of the judicial records and, if this Court unseals those records as requested by the NRA Affiliates, then their injury will be redressed.  Accordingly, because the NRA Affiliates face a concrete and significant injury as a direct of result of the sealed nature of the judicial records, which this Court may fully redress by unsealing the records as requested in this motion, the NRA Affiliates have standing for permissive, limited intervention.

> **2.      The NRA Affiliates Need Not Present an Independent Ground for Subject Matter Jurisdiction in This Case**

While the first requirement for permissive intervention usually calls for an independent basis for jurisdiction, that requirement need not be satisfied where, like here, the movants seek permissive intervention not to litigate a claim on the merits, but only for the limited purpose of obtaining access to documents covered by seal or a protective order. To that end, the independent basis for jurisdiction requirement for permissive intervention "stems not from any explicit language in Rule 24(b), but rather from the basic principle that a court may not adjudicate claims over which it lacks subject matter jurisdiction." *Nat'l Children's Ctr., Inc.*, 146 F.3d at 1046.  For circumstances like the instant motion, however, "courts have crafted a narrow exception when the third party seeks to intervene for the limited purpose of obtaining access to documents protected by a confidentiality order." *Id.* at 1047 (citation omitted).

Of course, "[t]he rationale for this exception is simple—such intervenors do not ask the district court to exercise jurisdiction over an additional claim on the merits, but rather to exercise a power that it already has, namely the power to modify a previously entered confidentiality order." *Id*. Simply put, there is no need for an independent jurisdictional basis because the movant seeks intervention "only for the limited purpose of obtaining access to documents covered by seal or by a protective order," rather than for the purpose of obtaining a ruling on the merits of a claim or defense. *Id*. Accordingly, because the NRA Affiliates do not seek intervention to litigate a claim or defense, but merely seek to obtain access to sealed judicial records, they need not show an independent jurisdictional basis in order to intervene.

### 3.      The NRA Affiliates' Motion is Timely

This motion is timely because it was filed just weeks after the Court decided the parties dispositive motions, just days after the Court held the status conference on November 1, 2021, and just over a week after Plaintiff filed its private but related suit against the NRA Affiliates as a result. Courts assess the timeliness of intervention under the totality of the circumstances, including: "(a) the time elapsed since the inception of the action, (b) the probability of prejudice to those already party to the proceedings, (c) the purpose for which intervention is sought, and (d) the need for intervention as a means for preserving the putative intervenor's rights. *Forest Cty. Potawatomi Cmty. v. United States*, 317 F.R.D. 6, 10 (D.D.C. 2016) (*citing Karsner v. Lothian*, 532 F.3d 876, 886 (D.C. Cir. 2008).

For limited-purpose interventions to gain access to judicial records like the instant motion, "the purpose for which intervention is sought" is the determining factor when considering timeliness. As recently recognized by the D.C. Circuit, there is a "growing consensus among the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated." *Nat'l Children's Ctr., Inc.*, 146 F.3d at 1047 (motion to intervene filed

for purpose of obtaining access to judicial records timely despite being filed nearly two years after parties had settled case); *see also United Nuclear Corp. v. Cranford Ins. Co*., 905 F.2d 1424, 1427 (10th Cir. 1990) (intervention permitted three years after case was settled because intervention "was for the sole purpose of challenging a protective order"). As recognized by the D. C. Circuit, "Rule 24(b)'s timeliness requirement is to prevent prejudice in the adjudication of the rights of the existing parties, a concern not present when the existing parties have settled their dispute and intervention is for a collateral purpose." *Nat'l Children's Ctr., Inc*., 146 F.3d at 1047.

The NRA Affiliates' motion is timely under this framework. This Court only recently issued a merits decision when it denied the FEC's motion to dismiss and granted the Plaintiff's cross-motion for summary judgment, *see* ECF No. 71 (Order issued 9/30/21) and ECF No. 74 (Memorandum Opinion issued 10/14/21), and has not yet issued a final judgment. *See* 10/14/21 Minute Order (ordering the parties "to show cause by no later than November 15, 2021 why the Court should not issue a Final Judgment."). Accordingly, the NRA Affiliates' motion is timely, and the relief sought by the NRA Affiliates, which is collateral to the dispute between the existing parties in this suit, will in no way prejudice the adjudication of the rights of those parties. The NRA Affiliates therefore satisfy this factor, and their motion should be granted.

### 4.    The Commonality Requirement is Satisfied

The final criterion for permissive intervention is that the movant's claims and the litigation share common questions of law or fact. Fed. R. Civ. P. 24(b)(1)(B). As with the timeliness criterion, however, courts liberally construe this commonality requirement where the purpose of intervention is to unseal court records. To that end, and in an instance just like this one, the D.C. Circuit expressly held that "the issue of the scope or need for the confidentiality order itself presents a common question that links the movant's challenge with the main action." *Nat'l Children's Center*, 146 F.3d at 1047 (citations omitted). Put another way, the commonality

requirement under Rule 24(b) is satisfied even if the only common question is whether certain materials are properly sealed. *See id.* at 1048 ("Indeed, courts have explicitly held that specificity, *e.g.*, that the claim involve . . . the same legal theory [as the main action], is not required when the intervenors are not becoming parties to the litigation.") (Citation omitted. Cleaned up.).

Here, the NRA Movants are not requesting to become parties to this case, but instead merely seek access to the judicial record which appears to have directly led to the Plaintiff filing a new, separate lawsuit against the NRA Affiliates—a lawsuit that Plaintiff expressly admits is directly related to this suit, *see* Case No. 1:21-cv-02887-EGS, ECF No. 3 (Notice of Designation of Related Civil Cases Pending in this or Any Other United States Court, indicating that the new case "involves common issues of fact" and "grows out of the same event or transaction" as this suit). Accordingly, the NRA Affiliates' motion is adequately related to the underlying action, and their motion to intervene for the limited purpose of unsealing the judicial record should be granted.[7]

### B. The Judicial Record should be Unsealed because the FEC MUR Respondents have Waived their Rights of Confidentiality under FECA

Portions of the judicial record in this case are sealed under a protective order, the legal bases of which are those confidentiality protections afforded to respondents under FECA. *See* 52 U.S.C. § 30109(a)(12); *see also* 11 C.F.R. § 111.21. As explained above, however, while FECA

---

[7] While Rule 24(c) requires movants for intervention to file with their motion a "pleading that sets out the claim or defense for which intervention is sought," the NRA Affiliates do not seek to intervene as a party or on the merits. To that end, LCvR 7(j) of the Local Rules of the U.S. District Court for the District of Columbia expressly provides in pertinent part that "[a] motion to intervene as a <u>party</u> pursuant to Fed. R. Civ. P. 24(c) . . . shall be accompanied by an original of the pleading setting forth the claim or defense for which intervention is sought." (emphasis added). Because the NRA Affiliates seek limited intervention solely for the purpose of unsealing the judicial record, and not as a party or on the merits, they have not included with their motion "a pleading that sets out the claim or defense for which intervention is sought." If, however, this Court finds that the instant motion is not compliant with LCvR 7(j), the NRA Affiliates will file such a pleading upon instruction from the Court to do so.

prohibits the public disclosure of certain information, that prohibition may be waived by the respondents in those FEC matters. Here, on November 3, 2021, the NRA Affiliates submitted to the FEC a Waiver of Respondent's Rights of Confidentiality Granted Under 52 U.S.C. Section 30109. *See* Ex. B. Further, and upon information and belief, the remaining respondents in the underlying MURs likewise waived their rights of confidentiality under FECA. As a result, and for that reason alone, this Court should unseal the entire judicial record as soon as practicable.

### C.   The NRA Affiliates—and the Public alike—Enjoy a Common Law Right of Access to the Judicial Record

The NRA Affiliates' request to unseal the judicial record is further supported by the common law right of access to judicial records. Indeed, federal courts commonly recognize the common law right to view court documents. *McConnell v. Fed. Election Comm'n,* 251 F. Supp. 2d 919, 925 (D.D.C. 2003) (citing *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 597, 98 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). In fact, this common law right has been recognized by the D.C. Circuit since at least 1894. *See Ex parte Drawbaugh*, 2 App. D.C. 404, 404–05 (1894). "[T]he decision as to access is one best left to the sound discretion of the trial court," discretion that "should be exercised in light of the relevant facts and circumstances of the particular case." *McConnell,* 251 F. Supp. 2d at 925 (cleaned up).

Here, the following aspects of the record—all of which constitute judicial records—are sealed in at least some fashion:

- ECF No. 17, 7/1/19, Sealed Motion filed by Federal Election Commission
- ECF No. 24, 7/24/19, Sealed Motion for Leave to File Document Under Seal filed by Federal Election Commission
- ECF No. 26, 7/25/19, Sealed Motion to Dismiss or in the Alternative for Summary Judgment filed by Federal Election Commission
- ECF No. 27, 8/7/19, Sealed Motion for Leave to File Document Under Seal filed by Giffords

- ECF No. 29, 8/8/19, Sealed Motion for Discovery Under Rule 56(d) filed by Giffords
- ECF No. 30, 9/3/19, Sealed Opposition filed by Federal Election Commission
- ECF No. 32, 9/10/19, Sealed Motion for Leave to File Document Under Seal filed by Giffords
- ECF No. 34, 9/11/19, Sealed Reply to Opposition filed by Giffords
- ECF No. 35, 10/9/19, Sealed Motion for Leave to File Document Under Seal filed by Federal Election Commission
- 10/9/19, Minute Order, Order denying without prejudice 19 Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, denying without prejudice 26 Defendant's Sealed Motion to Dismiss, or in the alterative, Motion for Summary Judgment, granting 28 Plaintiff's Motion for Discovery Under Rule 56(d); granting 29 Plaintiff's Sealed Motion for Discovery Under Rule 56(d)
- ECF No. 37, 10/9/19, Sealed Notice filed by Federal Election Commission
- ECF No. 36, 10/16/19, Sealed Motion for Leave to File Document Under Seal filed by Giffords
- ECF No. 38, 10/16/19, Sealed Joint Discovery Plan filed by Giffords
- ECF No. 39, 10/17/19, Redacted Joint Discovery Plan filed by Giffords
- 10/21/19, Minute Order, In view of the 38 Joint Proposed Discovery Plan, Plaintiff may take the deposition of Defendant's designated representative pursuant to Federal Rule of Civil Procedure 30(b)(6) and the deposition of Defendant's declarant substantially for the reasons set forth in Plaintiff's proposal
- ECF No. 41, 12/6/19, Sealed Motion for Leave to File Document Under Seal filed by Federal Election Commission
- ECF No. 44, 12/20/19, Sealed Motion for Leave to File Document Under Seal filed by Giffords
- ECF No. 45, 12/20/19, Sealed Motion for Leave to File Document Under Seal filed by Giffords
- 12/23/19, Minute Order, Order granting 46 Plaintiff's Unopposed Motion for Extension of Time to File Redacted Version of Cross-Motion for Summary Judgment and Opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment. Plaintiff shall file its redacted cross-motion for summary judgment, opposition to Defendant's motion to dismiss or in the alternative for summary judgment, and exhibits by no later than January 8, 2020
- ECF No. 48, 12/23/19, Sealed Cross-Motion for Summary Judgment filed by Giffords
- ECF No. 49, 12/23/19, Sealed Opposition filed by Giffords
- ECF No. 50, 1/8/20, Redacted Cross-Motion for Summary Judgment and Memorandum of Points and Authorities in Support of Cross-Motion for Summary Judgment and Opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment to 48 Sealed Motion filed by Giffords
- ECF No. 51, 1/10/20, Sealed Motion for Leave to File Document Under Seal filed by Federal Election Commission
- ECF No. 52, 1/10/20, Sealed Motion for Leave to File Document Under Seal filed by Federal Election Commission

- ECF No. 55, 1/13/20, Sealed Opposition filed by Federal Election Commission
- ECF No. 56, 1/13/20, Sealed Reply to Opposition filed by Federal Election Commission
- ECF No. 57, 1/17/20, Sealed Motion for Leave to File Document Under Seal by Giffords
- ECF No. 58, 1/24/20, Sealed Memorandum in Opposition filed by Giffords
- ECF No. 59, 1/24/20, Sealed Reply to Opposition to Motion filed by Giffords
- ECF No. 60, 1/21/20, Sealed Reply in support filed by Giffords
- ECF No. 61, 1/28/20, Redacted Reply in Support of Motion for Summary Judgment filed by Giffords
- 9/30/21, Minute Order, The Memorandum Opinion associated with 71 Order contains information from Highly Sensitive Documents
- ECF No. 74, 10/14/21, Redacted Memorandum Opinion
- 10/14/21, Minute Order, Order In view of 74 Redacted Memorandum Opinion, the Court informs the parties that it considered each party's proposed redactions as well as their 73 joint statement

Likewise, transcripts for at least some of the court proceedings, such as the sealed status conference held by the Court on November 1, 2021 that resulted in the Order authorizing Plaintiff to commence the new, direct action against the NRA Affiliates and other respondents, remain under seal in at least some respect.

The above-referenced documents and records are, in fact, judicial records subject to the common law right to access. With that in mind, the common law right presumes access to judicial proceedings—a presumption that extends not only to documents filed with the Court, but also to the proceedings themselves. *E.g.*, *Nat'l Children's Ctr.*, 98 F.3d at 1408–09 (consent decree); *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 895 (7th Cir. 1994)(record of underlying judicial proceeding); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) (summary judgment papers); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983) (record of administrative proceedings then subject to judicial review). Thus, there can be no question that the sealed documents referenced above are indeed judicial records subject to the common law right to access.

14

That being the case, the inquiry next moves to the six-part balancing test set forth in *United States v. Hubbard*, 650 F.2d 293 (D.C.Cir.1980), and restated in *Johnson v. Greater Southeast Community Hospital*, 951 F.2d 1268 (D.C.Cir.1991):

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced.

*McConnell*, 251 F. Supp. 2d at 925 (applying *Hubbard* factors to request for records in judicial proceedings regarding FEC matter). Here, the balancing factors weigh heavily in favor of unsealing the judicial record.

The first of the factors—the need for public access to the documents at issue—weighs in favor of disclosure because the underlying reason for confidentiality in the first place pertained to the FEC proceedings, and the presence of a governmental entity in litigation "enhances the need for public access to the judicial records." *In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d 2, 7 (D.D.C. 2013) (cleaned up). While the second factor—the extent of previous public access to the documents—may, on its face, seem to weigh against disclosure, the reality is that all information subject to the confidentiality provisions of FECA is shielded from public disclosure until either the Commission terminates its proceedings or, as here, the respondent consents to such information becoming public.  52 U.S.C. § 30109 (a)(12); 11 C.F.R. § 111.21; 11 C.F.R. § 111.20. Thus, that factor, too, supports disclosure.

Factors three (that a party has objected to disclosure and the identity of that party), four (the strength of the property and privacy interests involved), and five (the possibility of prejudice to those opposing disclosure) all weigh in favor of disclosure because it is the respondents in the

15

FEC proceedings that have the confidentiality rights under FECA—which, again, serve as the basis for sealing records under the protective order in this case. Thus, because the NRA Affiliates have waived their rights of confidentiality under FECA, and, upon information and belief, the remaining respondents waived their confidentiality rights, too, these three factors all support unsealing the record.

Finally, the sixth factor—the purposes for which the documents were introduced—likewise weighs in favor of disclosure. Here, the records that remain under seal, which range from dispositive motion papers to a memorandum opinion to the transcript of the sealed hearing at which the Plaintiff's ability to commence a new suit directly against the NRA Affiliates was apparently considered by the Court, all go to either the propriety of the FEC's actions pertaining to the MURs, or the merits of the allegations in those MURs (and thus the merits of and authority for Plaintiff's new, direct suit against the NRA Affiliates). Accordingly, the corresponding information should be unsealed because such disclosure would "facilitate public scrutiny" of the judicial process, *In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d at 10, and also because it is imperative to the NRA Affiliates' ability to mount a defense in the new suit.

Accordingly, the strong presumption of access to the judicial records sealed in this case has not been rebutted, and the NRA Affiliates' motion to unseal the record should be granted.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the NRA Affiliates respectfully request that the Court grant their motion for limited-purpose intervention and to unseal the judicial record in this case. To the extent the Court determines that it cannot unseal the record on the basis of the NRA Affiliates' motion alone, then this Court should issue a show-cause order directing the parties to defend continuing the sealed nature of the judicial record or any portion thereof.

Dated:  November 12, 2021          Respectfully submitted,

/s/ Charles R. Spies
Charles R. Spies (Bar ID: 989020)
Robert L. Avers (MI0083)
Dickinson Wright PLLC
1825 Eye Street NW, Ste 900
Washington, DC 20006
(202) 466-5964
cspies@dickinsonwright.co

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2021, I filed the foregoing was electronically filed

with the Clerk of the Court using the ECF System; which will send notification to all counsel of

record by CM/ECF.

/s/ Charles R. Spies
Charles R. Spies (ID 989020)

17