UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GIFFORDS,

   Plaintiff,

v.

FEDERAL ELECTION COMMISSION,

   Defendant.

Case No. 1:19-cv-01192

Hon. Emmet G. Sullivan

## NRA AFFILIATES' NOTICE OF ADDITIONAL EVIDENCE IN SUPPORT OF MOTION TO INTERVENE FOR LIMITED PURPOSE OF UNSEALING THE JUDICIAL RECORD

The National Rifle Association of America Political Victory Fund and the National Rifle Association of America (collectively, the "NRA Affiliates") respectfully submit the following notice of supplemental evidence in support of their pending motion to intervene for the limited purpose of unsealing the judicial record, ECF 77.

### BACKGROUND

This case arises from the alleged failure of the Federal Election Commission (the "Commission" or the "FEC") to act on a series of administrative complaints that Plaintiff filed with the Commission in 2018 (hereinafter "the FEC Complaints"). In those FEC Complaints, Plaintiff alleged that the NRA Affiliates, among others, violated the Federal Election Campaign Act ("FECA") and FEC regulations during the 2014, 2016, and 2018 election cycles. Compl. ¶ 7, N.1 (citing the FEC Complaints). The NRA Affiliates responded to the FEC Complaints denying any wrongdoing or liability. While the FEC Complaints were designated by the Commission as Matters Under Review ("MUR") 7427, 7497, 7524, 7553, and 7621, the Commission has not informed the NRA Affiliates of any final determination as to those MURs.

1

Months after filing the FEC Complaints, Plaintiff commenced this suit under 52 U.S.C. § 30109(a)(8)(A) alleging that the Commission failed to act on the FEC Complaints. This Court ultimately concluded that the Commission's failure to act was contrary to law, and, on September 30, 2021, ordered the Commission to make a reason to believe determination as to the FEC Complaints within thirty days. *See* ECF No. 71. The Commission, however, appears to have failed to comply with the Court's Order.

The Court held a sealed status conference on November 1, 2021, and, as a result of the FEC's apparent failure to make a reason to believe determination within the time so ordered, the Court entered an Order authorizing Plaintiff to bring a new, private suit under 52 U.S.C. § 30109(a)(8)(C) directly against the NRA Affiliates and other respondents. *See* ECF No. 75. Plaintiff filed that suit the next day, naming the NRA Affiliates as defendants. *See* Case No. 1:21-cv-02887-EGS. That suit, referenced herein as the "2021 Litigation," has been assigned to this Court.

Plaintiff's allegations as to the NRA Affiliates in the 2021 Litigation mirror their allegations in the FEC Complaints at issue in this case. Indeed, Plaintiff alleges in the 2021 Litigation that the NRA Affiliates engaged in an "ongoing scheme" to avoid campaign finance regulations by using a series of "shell corporations" to illegally coordinate communications with federal candidates. *Id.* ECF 1, Compl. ¶¶3-5, 39-58. The NRA Affiliates deny any wrongdoing or liability, and their deadline to respond to the Plaintiff's complaint in the 2021 Litigation is January 21, 2022. *Id*. ECF 19, 20.

Meanwhile, a great deal of the record in this case remains under seal. Based on their review of the publicly available portions of the docket, the NRA Affiliates strongly suspect that sealed portions of the judicial record in this case are not only directly relevant to the 2021 Litigation, but

2

are also fundamental to whether that 2021 Litigation could even be filed in the first place, and that access to those sealed portions of the record is imperative to the NRA Affiliates' ability to mount a defense in the 2021 Litigation.

As a result, the NRA Affiliates filed a motion to intervene in this matter for the limited purpose of unsealing the judicial record. ECF 77. As set forth in the NRA Affiliates' motion, the sealed portions of the record in this matter appear to have been sealed due to the confidentiality protections afforded to respondents such as the NRA Affiliates under FECA. *See* 52 U.S.C. § 30109(a)(12); *see also* 11 C.F.R. § 111.21. But as explained in the NRA Affiliates' motion, while FECA prohibits the public disclosure of certain information, that prohibition may be waived by the respondents in those FEC matters. ECF 77 at 4-6, 11-12.

To that end, on November 3, 2021, the NRA Affiliates submitted to the FEC a Waiver of Respondent's Rights of Confidentiality Granted Under 52 U.S.C. Section 30109. A copy of that document was appended to the NRA Affiliates' motion as Exhibit B. *See* ECF 77-3. The NRA Affiliates further stated in their motion to intervene that, "upon information and belief, the remaining respondents in the underlying MURs likewise waived their rights of confidentiality under FECA." ECF No. 77 p. 12.

### ADDITIONAL CONFIDENTIALITY WAIVERS HAVE BEEN OBTAINED

In the time since filing their motion, the NRA Affiliates obtained copies of confidentiality waivers from the remaining respondents in the FEC MURs at issue in this case, each of which have been submitted to the FEC. Specifically, executed copies of the confidentiality waivers for each of the following respondents are attached as exhibits to this Notice:

- Matt Rosendale for Montana, confidentiality waiver attached as **Exhibit A**;
- Josh Hawley for Senate, confidentiality waiver attached as **Exhibit B**;

- Ron Johnson for Senate, confidentiality waiver attached as **Exhibit C**;

- Cotton for Senate, confidentiality waiver attached as **Exhibit D**;

- On Message, Inc., and Starboard Strategic, Inc., confidentiality waiver attached as **Exhibit E**;

- The Thom Tillis Committee and Collin McMichael, confidentiality waiver attached as **Exhibit F**;

- National Media Research Planning and Placement, LLC, Red Eagle Media Group, and American Media & Advocacy Group, confidentiality waiver attached as **Exhibit G**;

- Make America Great Again PAC, f/k/a Donald J. Trump for President, Inc., confidentiality waiver attached as **Exhibit H**; and

- Senator Richard Burr, the Richard Burr Committee, and Timothy W. Gupton, confidentiality waiver attached as **Exhibit I**.

The submission of these additional waivers further supports permitting the NRA Affiliates to intervene in this matter for the limited purpose of unsealing the judicial record. Indeed, it is the respondents in the FEC proceedings that have the confidentiality rights under FECA—which, again, served as the basis for sealing records under the protective order in this case—and all of the respondents in the underlying MURs appear to have waived their right to confidentiality under FECA as evidenced by the waivers now before the Court. *See* Exs A – I; *see also* ECF 77-3 (the NRA Affiliates' confidentiality waiver). As a result, the purposes of 52 U.S.C. § 30109(a)(12) and 11 C.F.R. § 111.21 are no longer served by sealing the record, and there appears to be no reason to maintain the seal. To the contrary, maintaining the seal presents a detriment to the NRA Affiliates' ability to fully develop their defense in the 2021 Litigation, and also obstructs the general common law and First Amendment principles supporting public access to court records. *McConnell v. Fed. Election Comm'n,* 251 F.Supp.2d 919, 925 (D.D.C. 2003) (citing *Nixon v.*

*Warner Communications, Inc.*, 435 U.S. 589, 597, 98 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). Simply put, the legal basis for maintaining the seal no longer exists, and the record in this case should be unsealed.

For the reasons stated herein, and those stated in their motion to intervene for the limited purpose of unsealing the judicial record, the NRA Affiliates respectfully request that the Court grant their motion and unseal the judicial record.

Dated:  December 7, 2021                    Respectfully submitted,

/s/ Charles R. Spies
Charles R. Spies (Bar ID: 989020)
Robert L. Avers (MI0083)
Dickinson Wright PLLC
1825 Eye Street NW, Ste 900
Washington, DC 20006
(202) 466-5964
cspies@dickinsonwright.com

*Attorneys for NRA Affiliates*

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2021, I filed the foregoing was electronically filed with the Clerk of the Court using the ECF System; which will send notification to all counsel of record by CM/ECF.

*/s/ Charles R. Spies*
Charles R. Spies