# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIFFORDS,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>    Defendant. | Civil Action No. 1:19-cv-1192 (EGS) |

## THE NATIONAL RIFLE ASSOCIATION OF AMERICA AND NATIONAL RIFLE ASSOCIATION OF AMERICA POLITICAL VICTORY FUND'S UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF

In light of the D.C. Circuit's recent decision in *Campaign Legal Ctr. v. 45Committee, Inc.*, 118 F.4th 378 (D.C. Cir. 2024), the National Rifle Association of America and the National Rifle Association of America Political Victory Fund (collectively, the "NRA") respectfully submit this unopposed motion for leave to file a 5 page supplemental brief in support of their Motion for Relief from Orders and Judgment. See ECF 90 & 90-1. The D.C. Circuit issued its decision in *45Committee* after the NRA filed its motion but before the motion has been fully-briefed. *45Committee* does require some explanation and analysis given that the legal questions addressed there are an important aspect of the Court's consideration of the NRA's pending motion. Rather than amend and refile the NRA's motion, which would needlessly delay these proceedings, the NRA respectfully requests that this Court permit it to address *45Committee* through the short, 5 page supplemental brief that is attached hereto as **Exhibit A**, and also that the FEC and Giffords be afforded an equal opportunity to respond to that supplemental brief as further explained below.

Last February, the NRA's Motion for Relief from Orders and Judgment was essentially stayed pending the D.C. Circuit's decision in *Campaign Legal Ctr. v. 45Committee, Inc.*, 118 F.4th

378 (D.C. Cir. 2024). Specifically, Plaintiff Giffords sought to stay its deadline for responding to the NRA's Motion for Relief from Orders and Judgment pending the D.C. Circuit's decision in *45Committee*. *See generally* ECF No. 96. The NRA did not oppose Giffords's stay motion. *Id*. This Court granted Giffords's unopposed motion to stay the March 1, 2024, deadline for Giffords to respond to the NRA's Motion for Relief from Orders and Judgment pending the D.C. Circuit's issuance of the mandate in *45Committee*. *See* Minute Order dated 2/27/2024.

The D.C. Circuit issued its decision in *45Committee* on October 8, 2024, *see* 118 F.4th 378 (D.C. Cir. 2024), and issued its mandate on November 15, 2024. Following the submission of Joint Status Reports, this Court directed the Clerk of the Court to lift the stay in this case and directed Giffords to respond to the NRA's Motion for Relief from Orders and Judgment by January 10, 2025. See Minute Orders dated 12/3/2024 & 12/4/2024.

The D.C. Circuit's decision in *45Committee* addressed legal questions that bear on the parties' arguments on and the Court's consideration of the NRA's Motion for Relief from Orders and Judgment. Briefing on the NRA's Motion for Relief from Orders and Judgment is not yet complete. The NRA filed its motion in January 2024, the FEC filed its response in February 2024, and Giffords's response is due on January 10, 2025, as a result of the stay on its response deadline having been recently lifted.

Rather than consider the jurisdictional questions raised in the NRA's motion without analysis as to the effect of the D.C. Circuit's decision in *45Committee*, the NRA respectfully asks this Court to permit the NRA—as well as the FEC and Giffords—to address *45Committee* and its impact here in a manner that will neither prejudice the parties nor delay these proceedings.

Specifically, the NRA respectfully requests that this Court:

(a)   Grant the NRA leave to file a supplemental brief (and accept the accompanying brief attached here as **Exhibit A** as filed);

(b)  In light of the FEC having already responded to the NRA's Motion for Relief from Orders and Judgment, permit the FEC an opportunity to respond to the supplemental brief; and

(c)  In light of the fact that Giffords's response to the NRA's Motion for Relief from Orders and Judgment is not due until January 10, 2025, permit Giffords to file a response to the NRA's Motion for Relief from Orders and Judgment that is 5 pages longer than any applicable page limit so that it may fully respond to the NRA's supplemental brief.

Proceeding in this matter—rather than addressing *45Committee* by withdrawing, amending, and refiling the NRA's motion—would allow these proceedings to advance on their current schedule with Giffords's response to that motion due on January 10, 2025. *See Dietz v. Bouldin*, 579 U.S. 40, 45, 136 S.Ct. 1885, 195 L.Ed.2d 161 (2016) ("[A] district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). Permitting the NRA to submit a short supplemental brief and permitting Giffords and the FEC commensurate responses as described above is "a reasonable response to the problems and needs confronting the court's fair administration of justice" in the circumstances. *Id*.

The NRA conferred with both the Plaintiff and Defendant as to the relief sought herein. Plaintiff Giffords does not oppose this motion. Likewise, Defendant the FEC does not oppose this motion so long as its deadline for responding to the supplemental brief is extended to January 10, 2025, given the upcoming holidays and other pressing obligations. To that end, a Proposed Order granting the requested relief is attached to this motion.

Dated: December 6, 2024              Respectfully submitted,

*/s/ Charles R. Spies*
Charles R. Spies (Bar ID: 989020)
Robert L. Avers (MI0083)
DICKINSON WRIGHT PLLC
1825 Eye Street NW, Suite 900
Washington, DC  20006
(202) 466-5964

cspies@dickinsonwright.com
ravers@dickinsonwright.com

*Attorneys for the National Rifle Association of America and the National Rifle Association of America Political Victory Fund*